NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL R. RAY, | : | Civil Action No. 06-4013 (RBK) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| KERRY L. MENCHEN, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    MICHAEL R. RAY
    P.O. Box 100
    Myrtle Beach, South Carolina  29578-0100
    Petitioner Pro Se

**KUGLER**, District Judge

    Petitioner Michael R. Ray filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking an order directing New Jersey officials to transfer custody of Petitioner to federal officials in order to return him to the Federal Correctional Institution, Estill, South Carolina.  The Court dismisses the Petition as moot because Petitioner notified the Court that he has been transferred to federal custody and is en route to FCI Estill.

**I.  BACKGROUND**

    Petitioner asserts that his detention at the Atlantic County Justice Facility in the District of New Jersey violates Article IV(c) of the Interstate Agreement on Detainers Act, see 18 U.S.C. app. 2.  The Interstate Agreement on Detainers Act is a congressionally sanctioned interstate

compact within Art. I, § 10, of the United States Constitution, and is thus a federal law within the meaning of 28 U.S.C. § 2254.  See Carchman v. Nash, 473 U.S. 716, 719 (1985); Cuyler v. Adams, 449 U.S. 433, 438-42 (1981); Casper v. Ryan, 822 F.2d 1283, 1288 (3d Cir. 1987), cert. denied, 484 U.S. 1012 (1988).  The IAD was adopted in 1958 by the State of New Jersey.  See N.J.S.A. § 2A:159A-1 et seq.; Carchman, 473 U.S. at 719.  The purpose of the IAD is "to encourage the expeditious and orderly disposition of [outstanding criminal] charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints."  18 U.S.C. app. 2, Art. I.  To achieve this end, Article IV of the IAD enables a State to obtain temporary custody of a prisoner in order to try him on State charges.  See Reed v. Farley, 512 U.S. 339, 341 (1994).  Article IV(c) provides that trial of a prisoner transferred at the State's request "shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, . . . the court having jurisdiction of the matter may grant any necessary or reasonable continuance."  18 U.S.C. app. 2, Art. IV(c).

Petitioner asserts that the 120-day period under article IV began on April 25, 2006, when federal authorities at FCI Estill placed Petitioner in transit to New Jersey authorities pursuant to New Jersey's request for temporary custody under the IAD,  and expired on August 23, 2006.  Petitioner alleges that he was sentenced on the New Jersey charges on July 21, 2006, and that the sentencing judge ordered New Jersey officials to immediately return Petitioner to federal custody.  Petitioner asserts that the 120-day period has not been extended.  He seeks an order "requiring the US Marshal to take custody of petitioner and immediately return him to FCI Estill."  (Pet. ¶ 13.)

On September 5, 2006, Petitioner forwarded a notice to this Court, which was filed on September 6, 2006, as docket entry #3.  The notice provides:

> Please be advised that I am being transferred from NJ to federal custody.  I will be on Marshal transit for 2-4 weeks (or more).  In the interim, please utilize the following address:
>
> > Michael R. Ray
> > P.O. Box 100
> > Myrtle Beach, SC 29578-0100
>
> Upon my arrival at FCI Estill, I will immediately notify the court.

(Docket entry #3.)

## II.  LEGAL STANDARD

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  As the Supreme Court explained,

> Habeas Rule 2(c) . . . provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground.  See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .  A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted."  § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 125 S. Ct. 2562, 2570 (2005).

3

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").[1]

### III.  DISCUSSION

Section 2241(c)(3) of Title 28 of the United States Code provides:

> The writ of habeas corpus shall not extend to a prisoner unless– . . .
> He is in custody in violation of the Constitution or laws or treaties
> of the United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the petition be "in custody" and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

Petitioner satisfies the "in custody" requirement for subject matter jurisdiction because he was incarcerated at the time he filed the Petition.  See Spencer v. Kemna, 523 U.S. 1 (1998).  He

---

[1] For example, the Third Circuit has held that vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court. Thomas, 221 F.3d at 437; United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

must also satisfy the "case or controversy" requirement contained in Article III of the Constitution which limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2.[2] "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In this case, Petitioner has been transferred to the custody of federal Marshals and is being transported to FCI Estill, the very relief he seeks in his Petition. Under these circumstances, this habeas action is moot. See Preiser v. Newkirk, 422 U.S. 395, 403 (claim that transfer was unconstitutional became moot upon re-transfer); Carney v. Clark, 172 F.3d 52 (7th Cir. 1999) ("An IADA claim becomes moot when the detainer is executed and the prisoner is extradited") (table) Kearns v. Turner, 837 F.2d 336 (8th Cir. 1988) (habeas petition seeking to enjoin transfer under IAD is no longer a live controversy after petitioner has been transferred and sentenced, and no detainer is currently lodged); Bush v. Muncy, 659 F.2d 402 (4th Cir. 1981) (request for injunctive relief to enjoin transfer to Maryland based on alleged violation of article IV of IAD was moot after petitioner was transferred and convicted).

---

[2] "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions." U.S. Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc., 508 U.S. 439, 445 (1993 ) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)); see also Flast v. Cohen, 392 U.S. 83, 97 (1968).

## IV.  CONCLUSION

For the reasons set forth above, the Court summarily dismisses the Petition as moot.


     s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**


Dated:    September 11   , 2006